## Becker v. Barninger

*James T. Yingst,* for plaintiffs.
*Douglas H. Gent,* for exceptant.

BUCKINGHAM, *J.,* November 2, 1989 — This matter is before the court on exceptions of Leroy W. Snyder Sr., exceptant, to the report of the auditor, Edward H. H. Garber, Esq., filed on December 12, 1988.

The relevant pleaded facts are as follows. Defendants, N. Thomas and Janis Barninger, purchased property from plaintiffs, Reuben and Shirley Becker. Defendants executed and delivered a deed and a first mortgage in favor of plaintiffs on August 14, 1984. Because defendants had neither settlement nor down payment costs, the documents were held in escrow. On November 16, 1984, defendants sent a majority of the money necessary to complete settlement to the escrow agent. Although not all of the settlement money was received, the deed and mortgage were then recorded on November 29, 1984.

Leroy W. Snyder Sr. lent defendants $9,588 and filed a judgment note against defendants, N. Thomas and Janis W. Barninger, on November 23,

1984. Mr. Snyder was aware that defendants had purchased the property, but was unaware that defendants had granted plaintiffs a first mortgage on the property.

Subsequently, defendants defaulted on their mortgage obligations. Plaintiffs obtained a default judgment and filed a writ of execution. At the sheriff's sale, plaintiffs purchased the property. The sheriff's proposed schedule of distribution specified that money be paid to Leroy Snyder on the judgment note. Plaintiffs filed exceptions to this schedule and filed a petition to appoint an auditor. The court appointed Edward H. H. Garber, Esq., who recommended that Leroy Snyder's judgment note be subordinated to the plaintiff's mortgage. Mr. Snyder then filed exceptions to the auditor's report.

The issue before the court is whether to uphold the auditor's report. In general, a court will give much weight to the auditor's findings and will not set aside such findings without substantial reasons. 7 Standard Pennsylvania Practice 2d §45:21. The court will set aside the auditor's findings only where there is clear error in fact or law.

Having reviewed the file and the auditor's report, we agree with the auditor's conclusions. However, we based our decision on different reasons. We will accept the auditor's recommendations to subordinate Mr. Snyder's judgment note to plaintiffs' mortgage.

The auditor states that law and equity determine distributions in this foreclosure sale. The auditor further states that equitable principles govern since plaintiffs did not record the mortgage as prescribed in the Lien Priority Statute, 42 Pa.C.S. §8141, so as to give them priority. We disagree. We need not apply the priority statute because we conclude that

Mr. Snyder's judgment note never attached to defendant's real property interest.

Leroy Snyder entered his judgment note against defendants on November 23, 1984. At this time, the deed and mortgage were unrecorded. Thus, defendants had not yet acquired legal title to the property. We also conclude that no title had passed on November 23, 1984 since the facts indicate that defendants did not fulfill the conditions of the escrow arrangement. The escrow arrangement specified that the documents were to be held until defendants paid the settlement costs.

Escrow arrangements usually provide that the depositor has legal title to the instrument until the conditions are satisfied and delivery may be made. *Paul v. Kennedy,* 376 Pa. 312, 102 A.2d 158 (1954). The instrument deposited in an escrow does not become operative until full performance of the conditions on which it is deposited or unless performance is waived. After the performance of these conditions, the grantee obtains title and is entitled to delivery. 30A C.J.S. Escrow §10, p. 996-7; P.L.E. Escrow §4, p. 581. Although defendants paid $9,000 to the escrow agent on November 16, 1984, this did not satisfy the entire settlement costs. The escrow arrangement was not terminated on November 16, 1984 and thus there was no delivery of the deed or mortgage. Testimony taken by the auditor does not reveal that plaintiffs and defendants agreed to settle based on defendants' $9,000 payment. Instead, the only indication that settlement occurred was the recording of the mortgage and deed on November 29, 1984. Thus, we conclude that all title and interest in the land passed on November 29, 1984.

A judgment creditor has a lien on the real property that a judgment debtor possesses or has an interest in at the time the judgment is entered. 11

Standard Pennsylvania Practice 2d 70:7, p. 265-6. However, the judgment does not automatically attach to after-acquired property of the judgment debtor. We believe that defendants acquired title on November 29, 1984, six days after the entry of the judgment note. To perfect a lien in this property, Mr. Snyder would have had to obtain a levy of execution which he failed to do. Thus, Mr. Snyder's judgment note did not attach to defendants' property. Plaintiffs, however, have a valid first mortgage on the property and are entitled to the distribution of the proceeds.

## ORDER

And now, November 2, 1989, it is ordered and directed that plaintiffs Reuben and Shirley Becker are entitled to the distribution of proceeds from the sheriff's sale of real property. Because the judgment note of exceptant, Leroy Snyder, did not attach to the property, he is not entitled to any of the proceeds.